Atma SINGH, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 09–73655.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 28, 2012.*

Filed March 8, 2012.

Marie Kayal, Immigration Practice
Group A Professional Corporation, San
Francisco, CA, for Petitioner.

Paul Fiorino, Senior Litigation Counsel,
Oil, Katherine Ann Smith, Trial, U.S. De-
partment of Justice, Washington, DC,
Chief Counsel Ice, Office of the Chief
Counsel Department of Homeland Securi-
ty, San Francisco, CA, for Respondent.

Before: LEAVY, THOMAS, and
CHRISTEN, Circuit Judges.

MEMORANDUM **

Atma Singh, a native and citizen of In-
dia, petitions for review of the Board of
Immigration Appeals' ("BIA") order deny-
ing his motion to reopen removal proceed-
ings. We have jurisdiction under 8 U.S.C.
§ 1252. We review for abuse of discretion
the denial of a motion to reopen, *Najma-
badi v. Holder*, 597 F.3d 983, 986 (9th
Cir.2010), and we deny the petition for
review.

The BIA did not abuse its discre-
tion by denying Singh's second motion to

---

* The panel unanimously concludes this case is
  suitable for decision without oral argument.
  *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
   cation and is not precedent except as provid-
   ed by 9th Cir. R. 36–3.

reopen as numerically-barred and untimely where the motion was filed over six years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to present sufficient evidence of changed circumstances in India to qualify for the regulatory exception to the time and number limitation for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi v. Mukasey,* 538 F.3d 988, 996–97 (9th Cir.2008) (underlying adverse credibility determination rendered evidence of changed circumstances immaterial). Because Singh's motion to reopen to seek relief under the Convention Against Torture ("CAT") is based on the same facts as his other claims, we reject Singh's contention the BIA erred by failing to separately address his CAT claim. Lastly, Singh's contentions that the BIA applied a higher standard to his motion are belied by the record.

**PETITION FOR REVIEW DENIED.**